■ In the Matter of the Claim of FREDERICK V. MILES, SR., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— STALEY, JR., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 15, 1968, which held claimant ineligible for unemployment insurance benefits on the ground that he was not totally unemployed, holding that he willfully misrepresented his employment status to receive benefits for which a forfeiture of 24 effective days was imposed, and charging him with an overpayment of $602 in benefits which was ruled to be recoverable. Claimant was employed in October, 1966 as a caretaker and building maintenance man for property consisting of about 16 acres upon which there was a main house, a cottage, and a tool shop. In addition to his salary of $85 per week, claimant resided in the cottage at no rent, paying only for heat and light. In the month of November, 1967 his employer stopped paying his salary, but told him that he could continue to reside in the cottage providing he would plow the snow and do minor emergency repairs on the buildings. Claimant applied for benefits in November, 1967 at which time he stated that he was unemployed and was available for immediate employment. At an interview on December 15, 1967 claimant stated that he was laid off for the winter and intended to return to his regular job in the spring; that he was ready to begin work immediately; that he was living on the grounds of his usual employer, but he was not performing any services now and was free to work elsewhere. At an interview on March 18, 1968 claimant stated: "In return for living on the premises I was to care for the grounds and buildings, such as snow and any emergencies on the building. I was required to be on the grounds at all times. If I took other work I would then have taken the risk of losing this job. I do not know when I will start receiving a salary. I am ready now to take other work.". On this record we cannot find, as a matter of law, that the board erred in its conclusion. On the evidence the board could properly find that claimant was not totally unemployed, and that the reasonable value of the rent for the cottage was compensation for his services. The board could also properly determine that claimant, in stating that he was unemployed and was free to

work elsewhere, willfully misrepresented his employment status to receive benefits. Hence, any benefits received as a result could properly be required to be repaid. (*Matter of Horner* [*Catherwood*], 32 A D 2d 700; *Matter of Bailey* [*Catherwood*], 18 A D 2d 727.) Decision affirmed, without costs. Herlihy, P. J., Aulisi, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Staley, Jr., J.